UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RUSTY DEBORD and STACIA DEBORD, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:15CV00008 SNLJ |
| NATIONAL LLOYDS INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss or for more definite statement. Plaintiffs have not filed a response and the time for doing so has expired. For the following reasons, the Court will grant the motion.

**I. Background**

Plaintiffs filed this action is state court alleging breach of contract and vexatious refusal to pay under Missouri law. In their complaint, plaintiffs allege they suffered a loss with regard to their real property insured by defendant. They allege they notified defendant of the loss but defendant denied coverage. Further, they allege that despite repeated demands by plaintiffs, defendant has failed and refused to pay plaintiffs covered loss resulting in breach of the insurance policy and substantial injury to plaintiffs. Defendant removed this action to this Court on the basis of diversity jurisdiction.

## II. Motion to Dismiss Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 560 (2007). A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the grounds on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.,* 517 F .3d 544, 549 (8th Cir. 2008), *cert. denied,* 129 S.Ct. 222 (2008) (quoting *Twombly,* 550 U.S. at 555–56 & n. 3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes,* 416 U.S. 232 (1974); *Kottschade v. City of Rochester,* 319 F.3d 1038, 1040 (8th Cir. 2003). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged." *Cole v. Homier Dist. Co., Inc.,* 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the

complaint as true and draw all reasonable inferences in favor of the nonmoving party."
*Id.* (quoting *Coons v. Mineta,* 410 F.3d 1036, 1039 (8th Cir.2005)).

**III. Discussion**

Defendant argues that plaintiff's complaint is insufficient because it alleges defendant breached an unspecified obligation without identifying the obligation. Defendant contends the complaint must be dismissed because plaintiff failed to attach the policy or plead the specific provisions of the contract allegedly breached. "A breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Missouri Military Academy*, 304 S.W.3d 98, 104 (Mo. banc 2010). "A party 'fails to state a claim for breach of contract [if] it does not set out [the claimant's] rights or [the defendant's] obligations under the contract.'" *Reitz v. Nationstar Mortg., LLC.*, 954 F.Supp.2d 870, 884 (E.D. Mo. 2013) (quoting *Trotter's Corp. v. Ringleader Restaurants, Inc.,* 929 S.W.2d 935, 941 (Mo.App.1996)). "Vague references to unspecified 'agreements' are insufficient to state a claim for breach of contract." *Id.* (citations omitted).

Here, plaintiffs' complaint fails to allege the type of loss suffered with regard to the real property other than it was "a total loss to the building and contents." Further, plaintiffs fail to identify the provisions of the policy that allegedly provide coverage for their loss. The motion to dismiss will be granted because plaintiffs failed to identify the

3

rights and obligations of the parties under the insurance policy. The Court will, however, grant plaintiffs leave to amend their complaint to properly set forth their claim.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss or for more definite statement (ECF# 4) is granted.

**IT IS FURTHER ORDERED** that plaintiffs are granted leave to file an amended complaint within seven days from the date of this Order.

Dated this 2nd day of April, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE